**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH YOSSIFON,**

         **Plaintiff,**

-vs-                                             **Case No. 6:02-cv-6-Orl-28KRS**

**CITY OF COCOA BEACH, FLORIDA,**

         **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Defendant City of Cocoa Beach, Florida's Notice of Filing Supplemental Affidavit of Attorney's Fees/Request For Final Determination. Doc. No. 266. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

For the reasons discussed herein, my report and recommendation only addresses the issue of whether the City of Cocoa Beach (the City) is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**I.    PROCEDURAL HISTORY.**

On May 15, 2002, Joseph Yossifon filed an eight-count amended complaint against the City of Cocoa Beach (the City) seeking damages for alleged constitutional violations and negligence. Doc. No. 22.[1] In sum, Yossifon alleged that the City discriminated against him in

---

[1] The claims set forth in the amended complaint are as follows: Count I – "Ethnic, Race/Color, & National Origin Discrimination, Like Punishment, Pains, Penalties, Taxes,

connection with his ownership of real estate and activities related thereto because of his Jewish ethnicity, Semitic/Eastern Mediterranean color/race, and/or Israeli national origin.

On September 22, 2003, the Court granted summary judgment in favor of the City on all eight counts of Yossifon's amended complaint. Doc. No. 236. The Court found that Yossifon "failed to meet his burden of presenting a prima facie case" on his civil rights claims. *Id*. at 26. The Court noted that "it ha[d] scoured the record in this case and . . . uncovered no evidence that [Yossifon] suffered any discrimination based on his race." *Id*. at 33. In addition, the Court found that Yossifon's state law negligence claims were not viable. *Id*. The Court noted, among other things, that "[t]here is no Florida common law cause of action for discrimination based on national origin, religion, ethnicity, or race." *Id*. at 31. Yossifon appealed to the United States Court of Appeals for the Eleventh Circuit. Doc. No. 243.

On October 6, 2003, the City filed a motion for attorneys' fees and costs, doc. no. 238, to which Yossifon responded. Doc. No. 242. I denied the City's motion for attorneys' fees and costs, without prejudice to refiling within twenty days after the issuance of a decision on Yossifon's appeal. Doc. No. 244.

---

Licenses, & Exactions, 42 U.S.C. § 1981, & 42 U.S.C. § 1983"; Count II – "Ethnic, Race/Color, & National Origin Discrimination, Full & Equal Benefits, 42 U.S.C. § 1981 & 42 U.S.C. § 1983"; Count III – "Ethnic, Race/Color, & National Origin Discrimination, Make & Enforce Contracts, 42 U.S.C. § 1981 & 42 U.S.C. § 1983"; Count IV – "Ethnic, Race/Color, & National Origin Discrimination, Purchase, Lease, Sell, Hold & Convey Real & Personal Property, 42 U.S.C. § 1982 & §1983"; Count V – Equal Protection, Fourteenth Amendment & 42 U.S.C. § 1983; Count VI – Negligent Training Under State Law; Count VII – Negligent Supervision Under State Law; and Count VIII – Negligent Retention Under State Law. Doc. No. 22.

On April 16, 2004, the Eleventh Circuit issued an opinion affirming the summary judgment entered by this Court in favor of the City.[2]  Doc. No. 267.  On May 13, 2004, the City filed a document entitled Notice of Filing Supplemental Affidavit of Attorneys Fees/Request for Final Determination.  Doc. No. 266.  On March 7, 2005, the City filed a document entitled Second Request for Consideration of Attorney Fees Motion, doc. no. 270, to which Yossifon responded, doc. no. 271.  Thereafter, the City filed a "Clarification of Attorney's Fees Filing or in the Alternative Motion for Leave."  Doc. No. 273.

## II. STATEMENT OF ISSUES RELEVANT TO THE PRESENT MOTION.[3]

The City argues that it is entitled to an award of attorneys' fees as a prevailing party under 42 U.S.C. § 1988.  Doc. Nos. 238, 270.  In the alternative, the City maintains that it is entitled to an award of attorneys' fees and costs under Fla. Stat. § 768.79 with respect to Yossifon's state law claims for negligence.  *Id*.  Yossifon contends the City is not entitled to an award of attorneys' fees for its defense of this litigation.  Doc. Nos. 242, 271.

## III. STANDARD OF REVIEW.

A prevailing defendant in a civil rights case may only be awarded attorneys' fees if the plaintiff's claim "was frivolous, unreasonable, or groundless," or "the plaintiff continued to litigate after it clearly became so."  *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978).  A claim is frivolous if it lacks an arguable basis in law or fact.  *Nietzke v. Williams,* 490 U.S. 319 (1989).

---

[2] The Eleventh Circuit issued its mandate on June 23, 2004.  Doc. No. 267.

[3] The underlying facts giving rise to this litigation are set forth in detail in this Court's Order granting summary judgment in favor of the City.  Doc. No. 236; *see also* doc. no. 31.

The Eleventh Circuit looks to three factors in determining whether a prevailing defendant is entitled to an award of attorneys' fees under 42 U.S.C. § 1988: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985). In cases where the plaintiff produces evidence sufficient to support his or her claims, findings of frivolity typically do not stand. *Id.* Determinations of frivolity are to be made on a case-by-case basis. *Id.*

In *Christiansburg*, the Supreme Court cautioned that:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his [or her] action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he [or she] has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

*Christiansburg,* 434 U.S. 412 at 421-22.

"Typically 'frivolity cases include those where summary judgment is denied in favor of the defendant or on a Fed. R. Civ. P. 41(b) motion for involuntary dismissal where the plaintiffs do not introduce any evidence in support of their claims." *Perry v. Orange County*, 341 F. Supp. 1197, 1205 (M.D. Fla. 2004). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

**IV.    ANALYSIS.**

  A. <u>The City's Request for an Award of Attorneys' Fees was Timely Filed</u>.

Before turning to the merits of the City's request for an award of attorneys' fees, I must first address Yossifon's contention that the petition was not timely filed. As noted above, I denied the City's first motion for attorneys' fees and costs, without prejudice to refiling within twenty days after the issuance of a decision on Yossifon's appeal. Doc. No. 244. The Eleventh Circuit issued an opinion affirming the summary judgment entered by this Court in favor of the City on April 16, 2004. The Eleventh Circuit issued its mandate on June 23, 2004. Doc. No. 267. The City filed its Notice of Filing Supplemental Affidavit of Attorney's Fees/Request For Final Determination on May 13, 2004, twenty-seven days after the Eleventh Circuit issued its opinion, and forty-one days before the Court issued its mandate. Doc. No. 266.

Yossifon first argues that the City's Notice of Filing Supplemental Affidavit of Attorney's Fees/Request For Final Determination was not a "motion," and therefore, did not require a response.[4] Doc. No. 271, at 2. This argument is not well taken. Albeit inartfully titled, even the most cursory review of this document reveals that it was a request for a final determination of the City's previously filed motion for attorneys' fees. In fact, the first sentence of the second paragraph reads as follows: "[t]he Defendant CITY respectfully submits that its previously-filed Motion for Attorney's Fees and Costs (Doc. No. 238, filed October 6, 2003) is now ripe for adjudication by this Honorable Court." Doc. No. 266, at 1. I find that the City's Notice of Filing

---

[4] I note that Yossifon raised this argument for the first time in his "Response to Defendant City of Cocoa Beach's Second Request for Consideration of Attorney Fees Motion," which was filed on March 10, 2005. Doc. No. 271.

Supplemental Affidavit of Attorney's Fees/Request For Final Determination was sufficient to put Yossifon on notice that a request for attorneys' fees had been filed by the City and that a response thereto was due.

Yossifon next contends that the City's Notice of Filing Supplemental Affidavit of Attorney's Fees/Request For Final Determination was untimely since it was filed more than twenty days after the Eleventh Circuit issued its opinion. Doc. No. 271, at 2. This argument is also unavailing.

It is well established in this Circuit that "a district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by [the Court of Appeals], until the mandate has issued." *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); *see also United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979) ("[The Court of Appeals] retains jurisdiction over an appeal until it has issued a mandate to implement its disposition."). Simply put, although my order referred to the date the Eleventh Circuit issued a decision in the case, as a matter of law the date of the decision is the date on which the mandate was issued, which was issued on June 23, 2004. Doc. No. 267. Thus, the City's request for a final determination on the issue of attorneys' fees was not untimely.

    B.    <u>The City is Entitled to an Award of Attorneys' Fees Under 42 U.S.C. § 1988</u>.

        1.    *Prevailing Party Status*.

For a defendant to be awarded attorneys' fees under 42 U.S.C. § 1988, it must first establish that it is a prevailing party. As noted above, summary judgment was granted in favor of the City as to all counts contained in the amended complaint. Doc. No. 236. The summary judgment was affirmed by the Eleventh Circuit on appeal. Doc. No. 267. Thus, I find that the City

is a prevailing party under 42 U.S.C. § 1988. *See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603-05 (2001).

    2.    *Frivolous Litigation.*

        (a)    Establishment of a *Prima Facie* Case.

As previously discussed, in its Order granting summary judgment in favor of the City, the Court found that Yossifon "failed to meet his burden of presenting a prima facie case" on his civil rights claims.[5] Doc. No. 236 at 26. As the Eleventh Circuit has noted, "[d]emonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). In its summary judgment order, the Court noted that "it ha[d] scoured the record in this case and . . . uncovered *no* evidence that [Yossifon] suffered any discrimination based on his race." *Id*. at 33 (emphasis added). In addition, the Court found that there was "*no* evidence of discriminatory intent other than Plaintiff's own speculation[.]" *Id*. at 27 (emphasis added). The Middle District of Florida has found that "[a] finding that a case is unreasonable and frivolous is supported when the party utterly fails to produce any evidence in support of material issues." *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 915 (M.D. Fla. 1989). Hence, the first factor enunciated by the court in *Sullivan* weighs in favor of the City.

---

[5] The Court further found that "even assuming arguendo that [Yossifon] had established a prima facie case of discrimination, [his] claims nevertheless would fail on the issue of pretext." Doc. No. 236 at 26.

      (b)      <u>Defendant's Offer of Settlement</u>.

The City maintains that it made a substantial offer to settle this case, and Yossifon does not dispute this contention. *See* doc. no. 242 at 6. A substantial offer to settle is ordinarily a factor that weighs in favor of Yossifon. *See Sayers v. Stewart Sleep Center, Inc.*, 140 F.3d 1351, 1354 (11th Cir. 1988). In some instances, however, courts have held that a settlement offer in which the defendant agrees to waive the right to seek an award of substantial attorneys' fees weighs in favor of the defendant. *See Jeralds v. City of Orlando*, 194 F. Supp. 2d 1305, 1326 (M.D. Fla. 2002). Because the nature of the settlement offer is not revealed in the papers, it is difficult to determine which analysis applies in this case.

      (c)      <u>Disposition of the Case Prior to Trial</u>.

Summary judgment was granted in favor of the City as to all counts contained in the amended complaint. Doc. No. 236. Accordingly, the third factor enunciated by the court in *Sullivan* weighs in favor of the City.

      (d)      <u>Conclusion</u>.

Based on the foregoing, I find that Yossifon's civil rights claims were seriously lacking in arguable merit. The City's offer to settle the case at the March 26, 2003 mediation may reasonably be construed as an effort to avoid incurring the substantial attorneys' fees necessary to resolve the case by summary judgment motion, rather than an indication that the City believed the case had arguable merit. On balance, I find that the *Sullivan* factors support an order requiring Yossifon to pay reasonable attorneys' fees incurred by the City in defending against the federal question claims. Thus, I find that the City is entitled to an award of reasonable attorneys' fees under 42 U.S.C. § 1988.

C.     Remaining Issues.

1.     *Assessment of Fees*.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-02 (11th Cir. 1988). The lodestar approach governs attorney fee awards under fee-shifting statutes, such as 42 U.S.C. § 1988. *City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). It is incumbent upon the party seeking fees to submit evidence that supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433 (1983). If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id.* "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out

with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

In its motion for attorneys' fees and costs, the City claims it is entitled to an award of $209,339.50 for services performed in connection with Yossifon's civil rights claims.[6] Doc. No. 238 at 2. The City submitted an affidavit from its lead counsel, Joseph R. Flood., Esq., in support of its motion. Doc. No. 239. Although Flood does not state his hourly rate in his affidavit, the time records submitted by the City indicate that he bills at an hourly rate of $145.00. *Id.*, ex B; *see also* doc. no. 238 at 18.

The time records submitted by the City contain entries for work by several individuals other than Flood, however. The Court cannot determine from the present record the skill and experience of these other individuals, which is necessary to determine whether the hourly rates they seek are reasonable. As noted above, it is incumbent upon the party seeking fees to submit evidence that supports the hourly rate sought for each attorney and paralegal for whom it is seeking an award. *Hensley*, 461 U.S. at 433; *Norman* 836 F.2d at 1299-03.

In addition, I am concerned that some of the items contained in the time records may relate to services provided in connection with the City's defense of a similar action or actions filed by

---

[6] In addition, the City seeks an award of $20,285.50 for attorney's fees incurred in connection with Yossifon's appeal to the Eleventh Circuit, for a total of $229,625.00. Doc. No. 266, ex. B.

-10-

Yossifon in state court. *See* doc. nos. 239, ex. B & 242, ex. 1. The City is not entitled to an award of attorneys' fees from this Court under 42 U.S.C. § 1988 for services provided in connection with claims that were litigated and resolved in state court.

In light of the deficiencies set forth in the evidence submitted by the City, I respectfully recommend that the City be permitted to submit a memorandum of law and supporting evidence with respect to the proper assessment of attorneys' fees under 42 U.S.C. § 1988 if the Court determines the City is entitled to an award of such fees.

    2.    *Entitlement to Attorneys' Fees for Services Provided in Connection With Yossifon's Appeal to the Eleventh Circuit.*

If a party seeks to obtain fees on appeal, he or she must file a petition with the Clerk of the United States Court of Appeals for the Eleventh Circuit within fourteen days of the issuance of an opinion from the Court of Appeals. *See, e.g., Mills v. Freeman*, 118 F.3d 727, 735 (11th Cir. 1997) ("[W]e conclude that the district court did not have the authority to award attorney's fees for appellate work because appellants did not timely file a petition in this court for the work accomplished on the appeal . . . .").[7] The record does not disclose whether the City timely filed a petition for appellate fees with the Eleventh Circuit or whether the Eleventh Circuit referred the award of fees for work on appeal to this Court for resolution. Moreover, the City does not address the standard of review applicable to requests for attorneys' fees incurred defending a frivolous appeal in a civil rights case. *See generally Moulds v. Wal-Mart Stores, Inc.*, 935 F.2d 252, 257 (11th Cir. 1991); *Collins v. Amoco Prod. Co.*, 706 F.2d 1114, 1115 (11th Cir. 1983); *Buckley*

---

[7] Of course, the Eleventh Circuit may always refer such a petition to the district court. *See Davidson v. City of Avon Park*, 848 F.2d 172, 174 n.4 (11th Cir. 1988).

*Towers Condominium, Inc. v. Buchwald*, 595 F.2d 253, 254 (5th Cir. 1979). Therefore, I respectfully recommend that the Court permit the City to request leave to file a renewed motion for attorneys' fees for work on the appeal within eleven days after its ruling on this Report and Recommendation, should the request for such fees be properly before this Court.

        3.     *Attorneys' Fees and Costs Under Fla. Stat. § 768.79.*

Yossifon contends that attorneys' fees and costs under the Florida Offer of Judgment statute, Fla. Stat. § 768.79, may not properly be awarded in this Court. The City responds with citations to cases discussing the issue in matters arising under diversity jurisdiction, but it does not address the question in the context of a federal question case with ancillary state law claims, which is the situation presented in the instant case. In such instances, questions arise as to whether awarding costs and attorneys' fees under the state statute would conflict with federal law. *See, e.g., Keesee v. Bank of America*, *NA*, No. 603CV1746ORL31JGG, 2005 WL 1309830 (M.D. Fla. June 1, 2005). Thus, I respectfully recommend that the Court permit the City to file a renewed motion for attorneys' fees and costs under Fla. Stat. § 768.79, if appropriate, within eleven days after its ruling on this Report and Recommendation, supported by (1) a memorandum of law addressing the question of conflict, and (2) evidence of the attorneys' fees and costs, other than those sought under 42 U.S.C. § 1988, that the City contends should be awarded under Fla. Stat. § 768.79.

## V. RECOMMENDATION.

Based on the foregoing analysis, I respectfully recommend that Defendant City of Cocoa Beach, Florida's Notice of Filing Supplemental Affidavit of Attorney's Fees/Request For Final Determination (doc. no. 266) be **GRANTED** in part and that the Court find that the City is entitled

to an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988. I further recommend that the other relief sought in the motion be **DENIED**, with leave to file a renewed motion, if appropriate, addressing the issues set forth in this Report and Recommendation within eleven days after the Court's ruling on this Report and Recommendation.[8] I further recommend that the City's Second Request for Consideration of Attorney Fees (doc. no. 270) and Clarification of Attorney's Fees Filing or in the Alternative Motion for Leave (doc. no. 273), be **DENIED** as moot.

I further recommend that if the Court determines that the City is entitled to an award of attorneys' fees under 42 U.S.C. § 1988, it require the parties to confer in a good faith effort to resolve the amount of attorneys' fees to be paid. Failing to reach agreement, I recommend that the Court permit the City to file a motion for assessment of such attorneys' fees, supported by the required evidence, within twenty days after its ruling.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party

---

[8] The Court should require that any renewed motion be accompanied by a certification that counsel have again conferred in a good faith effort to resolve the issues presented.