**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH YOSSIFON,**

    **Plaintiff,**

-vs-                 **Case No. 6:02-cv-6-Orl-28KRS**

**CITY OF COCOA BEACH, FLORIDA,**

    **Defendant.**

_____

# ORDER

This case is before the Court on Defendant City of Cocoa Beach, Florida's Notice of Filing Supplemental Affidavit of Attorney's Fees/Request for Final Determination (Doc. 266). In the motion, Defendant seeks fees under 42 U.S.C. § 1988 on the basis that the claims Plaintiff brought in this suit were frivolous and without foundation. Additionally, Defendant seeks fees under Section 768.79, Florida Statutes, based on Defendant's unaccepted offer of settlement to Plaintiff. The motion further seeks attorney's fees for defense of the appeal before the Eleventh Circuit.

The United States Magistrate Judge has submitted a Report and Recommendation (Doc. 276) recommending that the motion (Doc. 266) be granted in part and denied in part. Specifically, the Report recommends that the Court find that Defendant is entitled to an award of attorney's fees under 42 U.S.C. § 1988 because Plaintiff's "civil rights claims were seriously lacking in arguable merit." (Doc. 276 at 8). The Report further recommends that the rest of the relief sought in the motion be denied but that Defendant be granted leave to

submit further filings addressing issues identified in the Report.  Additionally, the Report recommends that Defendant's Second Request for Consideration of Attorney Fees (Doc. 270) and Defendant's Clarification of Attorney's Fees Filing or in the Alternative Motion for Leave (Doc. 273) be denied as moot.

Plaintiff has filed an Objection (Doc. 277) to the Report, and Defendant has responded by filing a Memorandum of Law in Opposition to the Objection (Doc. 283).[1]  After an independent *de novo* review, the Court agrees in part with the Report and Recommendation.  The Report shall be adopted in part but not in full, as set forth below.

Plaintiff raises four Objections to the Report.  First, Plaintiff asserts that the Report erroneously concludes that Defendant's attorney's fees motion was not untimely.  However, the Court agrees with the conclusion in the Report that Defendant timely filed its motion for fees in accordance with the magistrate judge's October 17, 2003 Order (Doc. 244) which denied the original fee motion without prejudice to resubmit it after resolution of the appeal by the Eleventh Circuit.

Second, Plaintiff challenges the Report's recommendation as to appellate attorney's fees.  The Report notes that to recover appellate fees, a party must file a petition with the appellate court within fourteen days of issuance of the appellate court's opinion.  Because the record does not reveal whether Defendant filed such a timely petition, and because Defendant did not address the standard applicable to such a fee request, the Report

---

[1] Defendant also filed an Amendment (Doc. 284) to its Opposition Memorandum (Doc. 283).  In that amendment, Defendant provides a substitute paragraph for one of the paragraphs on page four of its Opposition Memorandum.

recommends that Defendant be permitted to request leave to file a renewed motion, "should the request for such fees be properly before this Court." (Doc. 276 at 12).

In his Objection on this point, Plaintiff asserts, inter alia, that Defendant did not petition the appellate court for fees in this case. (Doc. 277 at 2). Defendant does not challenge this assertion or even mention the issue of appellate fees in its opposition memorandum. Thus, the Court concludes that Defendant did not timely petition the appellate court for fees (or alternatively, Defendant has now waived this issue), and it is not necessary to grant Defendant leave to file a renewed motion for appellate fees.

Third, Plaintiff argues that fees should not be awarded under 42 U.S.C. § 1988 because his claims were not frivolous. On this point, the Court agrees. Although the magistrate judge duly noted the emphatic conclusions in this Court's Order granting summary judgment that the evidence did not support Plaintiff's claims, this Court is unable to conclude that the claims were "meritless in the sense that [they were] groundless or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980). After reviewing the record, this Court concluded that Plaintiff's evidence was insufficient to survive summary judgment, but Plaintiff did present some evidence, including evidence which was corroborated by others of racial slurs that were uttered against him by City officials. Considering that evidence, along with the fact of Defendant's settlement offer, this Court does not deem Plaintiff's claims frivolous. Cf. Sullivan v. Sch. Bd of Pinellas County, 773 F.2d 1182, 1188-90 (11th Cir. 1985) (reversing district court's sua sponte finding of frivolousness, in part due to evidence of ethnic slurs and sexist comments made against the Title VII plaintiff). Thus, the Court will deny Defendant's motion for fees under 42 U.S.C. §1988.

Finally, Plaintiff challenges the Report's recommendation that Defendant be permitted to file a renewed motion under Section 768.79, Florida Statutes, with a memorandum of law addressing the issue of the applicability of this section to federal question cases with ancillary state law claims and the potential conflict with federal law, along with evidence of fees and costs sought under that statute. However, the Court agrees with this recommendation and will permit Defendant to resubmit a motion for fees under this Florida statute.

In accordance with the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation (Doc. 276) is **ADOPTED** in part. The Report (Doc. 276) is adopted insofar as: it determines that Defendant's motion for attorney's fees was timely filed; it recommends further submissions regarding entitlement to fees under § 768.79, Florida Statutes; and it recommends that Defendant's Second Request for Consideration of Attorney Fees (Doc. 270) and Defendant's Clarification of Attorney's Fees Filing or in the Alternative Motion for Leave (Doc. 273) be denied as moot. To the extent that the Report recommends that Defendant recover attorney's fees under 42 U.S.C. § 1988, the Report is rejected. As to the issue of appellate attorney's fees, based on the parties' post-Report filings the Court finds that that matter is not properly before this Court, and thus the Report's recommendation as to supplemental filings has been rendered moot.

2. Defendant City of Cocoa Beach, Florida's Notice of Filing Supplemental Affidavit of Attorney's Fees/Request for Final Determination (Doc. 266) is **DENIED** in all respects except to the extent that Defendant shall be permitted to file a renewed motion under Section 768.79, Florida Statutes, as set forth in paragraph 3 below.

except to the extent that Defendant shall be permitted to file a renewed motion under Section 768.79, Florida Statutes, as set forth in paragraph 3 below.

3. **On or before Friday, August 5, 2005**, Defendant may submit a renewed motion and memorandum of law addressing the issues identified in the Report (Doc. 276) regarding the propriety of fee recovery in this case /under Section 768.79, Florida Statutes, along with evidence of the fees and costs it seeks under that Section. Any such motion shall be accompanied by a certification that counsel have again conferred in a good faith effort to resolve the issue. Should Defendant file such a motion, Plaintiff shall respond thereto **on or before Friday, August 19, 2005.**

4. Defendant's Second Request for Consideration of Attorney Fees (Doc. 270) and Defendant's Clarification of Attorney's Fees Filing or in the Alternative Motion for Leave (Doc. 273) are **DENIED as moot**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __21__ day of July, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Magistrate Judge Karla R. Spaulding
Counsel of Record
Unrepresented Party