# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH YOSSIFON,**

            **Plaintiff,**

-vs-                                                    **Case No. 6:02-cv-6-Orl-28KRS**

**CITY OF COCOA BEACH, FLORIDA,**

            **Defendant.**

_____

## SUPPLEMENTAL BRIEFING ORDER

This cause came on for consideration by the Court on its own initiative. On August 5, 2005, Defendant City of Cocoa Beach, Florida (the City) filed a Renewed Motion for Attorney's Fees Pursuant to Florida Statute § 768.79. Doc. No. 286. The City also submitted time sheets in support of its motion for attorneys' fees. Doc. No. 291. The City asserts that the entries listed in the billing sheets "reflect[ ] time spent exclusively on the State law claims *or for matters that were so intertwined with the Federal claims that they could not be separated*." Doc. No. 286 at ¶ 5 (emphasis added); *see also* doc no. 287 (Affidavit of Joseph R. Flood). The City does not distinguish between time entries it contends pertain exclusively to the state law claims asserted by the plaintiff, Joseph Yossifon, and time entries that represent matters that are so "intertwined" with the federal claims asserted by Yossifon that they can not be separated.

It may be important in the Court's resolution of this motion to be able to identify the time spent exclusively on state law claims. Furthermore, the billing sheets submitted by the City contain

many handwritten notations that appear to alter the time spent and/or fees requested for certain time entries. It is unclear to the Court how to interpret the handwritten entries.

Accordingly, the City shall resubmit its time sheets in two parts. One part shall include only the time worked solely on state law claims. The second part shall include the time worked on intertwined federal and state law issues. Each part shall include only the time for which reimbursement is sought. So, for instance, if the City is electing to reduce the time originally worked on a task from four hours to 2 hours, only 2 hours should be reflected as the time worked on the task. The resubmitted time sheets should not include any time entries for which the City is not seeking reimbursement.

Finally, to aide the Court in its final lodestar analysis, if one is appropriate, the City shall provide a summary as to each part of the time entries of the time worked and hourly rate sought by each attorney or legal assistant for whom fees are sought, which summary shall be organized in the following format:

| Name of Attorney/Legal Assistant | Hourly Rate | Hours Worked | Lodestar Fee[1] |
|---|---|---|---|
| | | | |

The City shall file and serve its revised time sheets on or before September 16, 2005. After the City serves its revised time sheets, Yossifon will be permitted to file objections concerning the

---

[1] The lodestar fee should be the hourly rate multiplied by the hours worked for each attorney. If the hourly rate for any attorney changed, then there shall be separate entries for the attorney or legal assistant reflecting the hours worked at each different hourly rate.

-2-

reasonableness of the fees requested.  Any objections asserted by Yossifon shall be filed and served on or before September 30, 2005.

**DONE** and **ORDERED** in Orlando, Florida this 1st day of September, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties