**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH YOSSIFON,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:02-cv-06-Orl-28KRS**

**CITY OF COCOA BEACH, FLORIDA,**

        **Defendant.**

---

# ORDER

This cause is before the Court on the Defendant's Renewed Motion for Attorney's Fees Pursuant to Florida Statute § 768.79 (Doc. 286). In the motion, the Defendant, the City of Cocoa Beach ("the City"), seeks attorney's fees under Florida's offer-of-judgment statute for work performed defending against Plaintiff's three state-law claims.

## I. Procedural Background

Plaintiff's Amended Complaint (Doc. 22) set forth eight counts – five (Counts I through V) under federal civil rights statutes and the United States Constitution, and three (Counts VI through VIII) under Florida law. This Court granted summary judgment on all eight counts, (Order, Doc. 236), and that ruling has been affirmed on appeal, (see Doc. 267). The Court has already denied the City's request for attorney's fees under 42 U.S.C. § 1988 because Plaintiff's claims were not frivolous as required for an award of fees under that statute. (Order, Doc. 285). The City was given leave to submit a renewed motion regarding its claim to entitlement to fees under the Florida offer-of-judgment statute, (see Doc. 285 at

5), and that motion is now before the Court.

The United States Magistrate Judge has issued a Report and Recommendation (Doc. 297) recommending that the instant motion be denied on the basis that Federal Rule of Civil Procedure 68 "operates to the exclusion of Florida Statute 768.79 in the present case" and that thus "the City is not entitled to attorneys' fees under section 768.79." (Doc. 297 at 11). The Report also alternatively concludes that even if the statute does not conflict with Rule 68, it conflicts with 42 U.S.C. § 1988 and therefore no fees can be awarded for any work that contributed to defense of the federal claims. (Id. at 12-13).[1] The City has filed an Objection (Doc. 298) to the Report, and Plaintiff has filed a Response (Doc. 299) to the Objection.

After an independent de novo review of the record in this matter, the Court agrees with the analysis in the Report regarding the preemptive effect of Rule 68 and the conclusion that the City's motion for fees under Section 768.79 should be denied. However, as set forth below, the Court finds that, more fundamentally, the motion must be denied based on the language of Section 768.79 itself.

## II. Discussion

Section 768.79(1), Florida Statutes, provides in part: "In any civil action for damages filed **in the courts of this state**, if a defendant files an offer of judgment which is not

---

[1] The Report goes on to provide calculations for two alternative amounts of attorney's fees to be awarded in the event that the Court disagrees with the Report's conclusion as to the effect of Rule 68; the Report computes a fee award of $2,032.15 if fees are awarded for work performed solely on the state-law claims, and the Report computes a fee award of $119,743.65 if fees are also deemed appropriate for work performed on inextricably intertwined aspects of the federal and state-law claims. (Doc. 297 at 13-26).

accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . . ." (Emphasis added). Plaintiff argues that because the statute refers to actions filed in "the courts of this state" rather than "courts in this state," it refers only to cases filed in Florida state courts and does not include suits filed in federal courts in the state of Florida.[2] The Court agrees and finds that this statute does not apply to the instant action, which was filed in this United States District Court and not in a Florida state court.

"'The fundamental rule in Florida has been that an "award of attorneys' fees is in derogation of the common law and that statutes allowing for the award of such fees should be strictly construed."'" Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 573 (11th Cir. 1991) (quoting Roberts v. Carter, 350 So. 2d 78, 78-79 (Fla. 1977)); accord Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 223 (Fla. 2003) ("[S]tatutory authorization for attorney fees is to be strictly construed."); Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003) (noting requirement of strict construction because Section 768.79 is "in derogation of the common law rule that each party pay its own fees"). Strictly construing this statute, the meaning of "courts of this state" is Florida state courts and does not include federal courts in the state of Florida.

This conclusion is consistent with the usage of the phrase "courts of this state" by

---

[2]This argument was raised by Plaintiff in his opposition papers (see Doc. 293 at 6-7) but is not addressed in the Report.

Florida state courts to refer to Florida state courts as distinct from federal courts. See, e.g., Life Ins. Co. of N. Am. v. Cichowlas, 659 So. 2d 1333, 1340 (Fla. 4th DCA 1995) (Alvarez, A.J., dissenting) ("Opinions of federal courts which interpret and apply Florida law are persuasive, but *the courts of this state* are not bound by such opinions.") (emphasis added); State v. Bernie, 472 So. 2d 1243, 1246 (Fla. 2d DCA 1985) (noting former rule in Florida Constitution which provided for exclusion of evidence "in *the courts of this state* without consideration of a 'good faith' exception recognized by federal courts") (emphasis added). This reading of the statute is also consistent with language used in other Florida statutes – language that indicates that when the Florida legislature intends to refer to federal courts in the state of Florida, it does so more expressly. See, e.g., § 27.702(1), Fla. Stat. (providing that capital collateral regional counsel shall represent persons sentenced to death for the purpose of challenging the legality of the death sentenced imposed "in the state courts, federal courts in this state, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court"); § 48.23(1)(a) (providing that "[n]o action in any of the state or federal courts in this state operates as a lis pendens" on property until a notice is filed).

Moreover, this reading of the statute is consistent with the purpose of the statute, as articulated by Florida courts. In BDO Seidman, LLP v. British Car Auctions, Inc., 802 So. 2d 366, 367 (Fla. 4th DCA 2001), review denied, 828 So. 2d 384 (Fla. 2002), the court held that Section 768.79 applied "in a case arising in Tennessee but litigated in Florida under Tennessee substantive law." In so concluding, the BDO Seidman court rejected the parties' conflicts-of-laws analysis and relied instead on the statutory language – which provides that

the statute applies *to "any* civil action for damages filed in the courts of this state." Section 768.79(1), Fla. Stat., *quoted in* BDO Seidman, 802 So. 2d at 368. The Fourth District court noted: "Our conclusion that section 768.79 applies to all civil actions for damages brought in Florida courts is consistent with the legislative intent, which is to reduce litigation. An action for damages based on the substantive law of another jurisdiction has the same impact on the Florida court system as one based on the substantive law of Florida." Id. at 369 (citation omitted).

As noted in BDO Seidman, the purpose of the statute is to reduce litigation in Florida state courts. Although removal and remand of cases between federal courts and Florida state courts prevents the federal court system and the Florida court system from remaining totally separate from one another, the instant case has had no effect on the Florida court system because it was originally filed in this federal district court and has remained here. The federal courts have their own provisions encouraging settlement which, as concluded in the Report, conflict with this statute. And, while the BDO Seidman majority stopped short of holding outright that Section 768.79 is a procedural provision,[3] it did expressly reject the Eleventh Circuit's conclusion that the statute is substantive. 802 So. 2d at 369 ("We acknowledge that the eleventh circuit has recently held that section 768.79 is substantive under Florida conflict of laws principles. This decision is persuasive, but not binding on us. We respectfully disagree with it.") (citations omitted). It is clear that, at a minimum, the

---

[3]In a concurring opinion, Judge Gross did state that the statute is procedural rather than substantive. 802 So. 2d at 370 (Gross, J., concurring) ("[T]he offer of judgment statute is 'procedural' under Florida choice of law terminology; it is part of the machinery of Florida's judicial process that promotes judicial economy.").

statute has a procedural element and is not tied to the substance of a cause of action. See, e.g., Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 222 (Fla. 2003) ("[A]n award of attorney fees authorized by section 768.79 . . . is a sanction levied against the rejecting party for unnecessarily continuing the litigation. . . . The right to the award of attorney fees attaches to the rejection of the offer of judgment, not to the cause of action.").

Although federal courts in Florida, including this one as well as the Eleventh Circuit Court of Appeals, have awarded fees under Section 768.79 in the past, it does not appear that the argument regarding the statutory language "courts of this state" has been raised previously. Thus, the decisions of the Eleventh Circuit applying the statute do not dictate a result different from that reached herein.[4] As referenced by the Fourth District Court of Appeal, prior to the BDO Seidman decision the Eleventh Circuit had concluded, based on its reading of case law from the Supreme Court of Florida regarding substantive versus procedural rules, that Section 768.79 was a substantive law. See McMahan v. Toto, 256 F.3d 1120 (2001) ("McMahan I"). After the Fourth District Court of Appeal issued its BDO

---

[4]As noted in the Report and Recommendation issued, "[a] court decision that does not consider an argument that may be lurking in the record cannot be considered to have decided the question that was not presented." (Doc. 297 at 8 n.7) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999)); see also Webster v. Fall, 266 U.S. 507, 511 (1925) ("We do not stop to inquire whether all or any of [the cases cited by counsel] can be differentiated from the case now under consideration, since in none of them was the point here at issue suggested or decided. The most that can be said is that the point was in the cases if any one had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."), cited in Bryant, 187 F.3d at 1280.

Seidman opinion,[5] the Eleventh Circuit rescinded parts of its McMahan I opinion and on rehearing replaced them with a new opinion, McMahan v. Toto, 311 F.3d 1077 (11th Cir. 2002) ("McMahan II"). In McMahan II, the court held "that Florida's offer of judgment statute, Fla. Stat. § 768.79, is applicable to cases, like this one, that are tried in the State of Florida even though the substantive law that governs the case is that of another state." 311 F.3d at 1081. Although the McMahan II court allowed a fee award under the statute and made the quoted statement regarding cases "tried in the State of Florida," there is no indication that the court was presented with an argument that Section 768.79's "courts of this state" language encompasses only Florida state courts.

### III. Conclusion

1. For the reasons stated herein, as well as those stated in the Report and Recommendation issued by the magistrate judge (Doc. 297), it is **ORDERED and ADJUDGED** that Defendant's Renewed Motion for Attorney's Fees Pursuant to Florida Statute § 768.79 (Doc. 286) is **DENIED**.[6]

---

[5] "In applying state law, a federal court must 'adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991) (quoting Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983)). Florida's Fifth District Court of Appeal has since agreed with the BDO Seidman holding that Section 768.79 applies even when the substantive law governing the claims is not Florida law. See Bennett v. Morales, 845 So. 2d 1002, 1004 (Fla. 5th DCA 2003) ("[W]e agree with Judge Klein's opinion in [BDO Seidman] that section 768.79 applies to all civil actions for damages brought in Florida, even where the substantive law of another jurisdiction is applied."); Marcy v. DaimlerChrysler Corp., 921 So. 2d 781 (Fla. 5th DCA 2006).

[6] To the extent that the ruling in this Order conflicts with this Court's ruling in Farmer v. United Space Alliance, L.L.C., Case No. 00-cv-189-Orl-28JGG (Doc. 164), the Court

2. The Report (Doc. 297) is **ADOPTED** and made part of this Order insofar as it pertains to legal analysis of the propriety of a fee award under Section 768.79.[7]

**DONE** and **ORDERED** in Orlando, Florida this __28__ day of __July__, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ John Antoon II
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN ANTOON II
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

hereby recedes from its decision in <u>Farmer</u>.

[7] The Report's alternative recommendations as to fee amounts have been rendered moot by the Court's agreement with the primary recommendations of the Report.